# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DOUGLAS FLOYD TAYLOR, #72097**                                    **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO: 4:09-CV-46 -LRA**

**DALE CASKEY, ET AL**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by Defendants Warden Dale Caskey, Assistant Warden Bartholomew Grimes and Dr. Ricardo Gillespie.[1] The Court has considered all the pleadings, Taylor's sworn testimony given at the omnibus hearing,[2] and the applicable law. This review compels the Court to find that Plaintiff has failed to exhaust his administrative remedies on the issues before the Court. His Complaint shall be dismissed without prejudice.

## FACTS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Taylor's sworn testimony at the omnibus hearing, in conjunction with the written evidence submitted by Defendants,[3] reveal the following relevant facts. Taylor has been incarcerated in the custody of the Mississippi Department of Corrections ["MDOC"] since July 19, 1996. On July 2, 2004, he was transferred by MDOC from the Mississippi State Penitentiary at Parchman to the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi. On January 31, 2011, he was transferred to the Lauderdale County Jail

---

[1]ECF No. 34, filed February 11, 2011. Warden Caskey is the recently retired Senior Warden of the East Mississippi Correctional Facility ["EMCF"]. Warden Grimes is the Assistant Warden for Security at the EMCF, and Dr. Gillespie was the Assistant Warden for Programs. Defendants' Memorandum, ECF No. 35, p. 2.

[2]ECF No. 34-1, Transcript of omnibus hearing conducted 8/10/2009, Exhibit 1.

[3]Defendants' Exhibit 2 to the motion is the Affidavit of Janie Birdtail, dated February 1, 2011, along with Exhibits A and B to her Affidavit.

pursuant to court order. On February 3, 2011, he was transferred by MDOC to the Central Mississippi Correctional Facility ["CMCF"], and later back to EMCF.

Taylor's complaint is that while housed in Housing Unit Four D at EMCF from December, 2008, through June, 2009, he was not allowed to go to regular Muslim worship services. He complains that he was told that Unit 4 was an "open pod" when he moved there. Yet, when he got there, he was informed he could not go to religious services. No other inmates in the pod were allowed to attend worship services, educational programs, or other programs. When Taylor complained, he was told that Warden Grimes was the "reason that the pod was contained." He had spoken to some people who claimed the pod was a PC (protective custody) pod; he was later told it was a "contained pod." He talked to Warden Grimes, and Grimes told him that if he wanted to go to church, he needed to move to Housing Unit Five or Six. These were "general population," but Taylor "felt it was a more violent or more dangerous situation." The pod remained restricted in this way from December 26, 2008, through June 1, 2009. It was then cleared for school and religious services, although nothing changed in his custody status.

Taylor conceded that he now is allowed to attend services. The relief requested in his Complaint is:

> Equal access and continual non-obtrusive participation in Islamic and/or all spiritual services and all court costs and attorney fees and that which the Honorable Court would deem just and fair.

He testified that he could not put a value or "price tag" on his religious services. He testified that the "[o]nly thing I think I can ask for [is] nominal damages, like punitive damages." ECF No. 34-1, p. 12.

The Court notes that any request for injunctive relief is moot, because Plaintiff now attends services regularly. He had no physical injury, so he would not be entitled to

2

compensatory damages. No attorney fees were incurred by Plaintiff, as he has proceeded *pro se* and was granted *in forma pauperis* status.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

## LEGAL ANALYSIS

Defendants request the Court to dismiss all of Plaintiff's claims due to the fact that Taylor failed to completely exhaust his administrative remedies prior to filing this lawsuit. In support, Defendants have attached the Affidavit of Janie Birdtail, Administrative Remedies Program [ARP] Coordinator at EMCF, ECF No. 34-2. The information contained in this affidavit has not been rebutted by Taylor, although he has attached copies of documents wherein he presented certain issues to the ARP program.

Ms. Birdtail is the ARP Coordinator and custodian of ARP records and files at the EMCF. She states that she is familiar with the ARP files of Taylor, as he has filed 15

ARP Requests pertaining to the EMCF.  Only one of his requests pertains in any way to religion or religious services, and that is ARP #EMCF-09-167.  Taylor filed the ARP on January 26, 2009, and it was placed in backlog on receipt because he had at least one other ARP in process at that time.  He completed all three steps of the ARP process and was issued a certificate from the MDOC Commissioner on July 28, 2009.  This ARP only covered the religious services Taylor missed from December of 2008 until January 2, 2009.  The ARP was filed on January 26, 2009, so it did not cover the period from that date until June 2009.

Defendants point out that the January 26, 2009, ARP Taylor filed regarding religious services attendance only addressed Taylor's efforts during December of 2008 and until January 2, 2009, to attend Muslim religious services.  During this period, Taylor admits that he attended religious services four times, and part of a fifth time.  He was not allowed to attend services on three other occasions.

Plaintiff filed a response to the motion, stating that he considered his complaints a "sensitive issue."[4]  For that reason, he sent his grievance regarding the full period directly to MDOC Commissioner Christopher Epps and not via the ARP department at EMCF.  Plaintiff asserted that Mr. Epps returned the ARP to him as not being deemed a sensitive issue.  He also sent a letter to Deputy Commissioner Sparkman.  This was treated as an ARP but returned to him.  Taylor concedes that he has not received a certificate from the ARP program confirming that he has completed the Third Step for the period of January 2009 through June 2009.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, contains an "'invigorated' exhaustion provision, § 1997e(a)." *Woodford, et al. v. Ngo*, 548 U.S. 81, 84, (2006) (citing *Porter v. Tussle*, 534 U.S. 516, 524 (2002)).

---

[4] ECF No. 21, pp. 2-3.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a) (1995).

The PLRA requires a prisoner to "exhaust all 'available' remedies, not just those that meet federal standards. . . . As [the Supreme Court] held in *Booth*, a prisoner must now exhaust all administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." *Woodford*, at 85 (citing *Booth v. Churned*, 532 U.S. 731, 739 (2001)). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 85 (citing *Booth*, at 739). Exhaustion is "required for any suit challenging prison conditions, not just for suits under § 1983." *Id.*, at 85 (citing *Porter v. Tussle*, at 524).

In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88, 93. The Court reasoned that a "prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction." *Id.* at 95.

The requirement of exhaustion applies regardless of the prisoner's opinion on the efficacy of the institution's administrative remedies program. *Alexander v. Tippah County, MS*, 351 F.3d 626, 629 (5th Cir. 2003). It is not for the court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5. Thus, regardless of the relief that a prisoner seeks, he must first exhaust any administrative remedy that is available to him.

The failure to exhaust is an affirmative defense that a prisoner is not required to plead; the defendant must plead and prove the prisoner's failure to exhaust. *Jones v.*

5

*Bock*, 549 U.S. 199, 204 (2007). *See also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (applying *Jones*). In Taylor's case, Defendants have proven this affirmative defense by substantial evidence which has not been rebutted. The Court finds that Defendants' burden of proof has been met; Taylor did not exhaust his administrative remedies.

In this case, Taylor asserts that his complaints were "sensitive," so he sent his ARPs to the Commissioner rather than proceeding through the EMCF ARP program. The complaints were rejected and returned to him. Once those were returned, Plaintiff should have filed an ARP through the EMCF program; he cannot immediately seek relief in this Court without properly exhausting the ARP program. He is not allowed to choose how he will exhaust his administrative remedies. Once his complaints were not deemed "sensitive" by Commissioner Epps, Plaintiff was obligated to use the ARP program.

Plaintiff's primary complaint was he was restricted from religious service attendance while he was housed in Unit 4D at EMCF, a protective custody housing unit. He was given the choice to move to other units, but he believed he was safer in 4D. This is an example of a problem which very well may have been resolved if Plaintiff had participated in the ARP program. He cannot utilize the ARP program only when he wants to do so. His participation is mandatory if he wishes to pursue his claims in federal court, and he must comply with ARP regulations.

For these reasons, Plaintiff may not proceed in this case because he did not exhaust his ARP remedies. The Complaint shall be dismissed without prejudice, although the Court recognizes that Taylor may no longer be able to properly exhaust his ARP remedies regarding the claims set forth in his Complaint due to untimeliness. Because Taylor cannot proceed further in federal court due to his failure to exhaust, it is unnecessary for the Court to consider the merits of his claims.

## **CONCLUSION**

The Court finds that there are no genuine issues as to any material fact in this case regarding whether or not Taylor has fully exhausted his claims via the administrative remedies program. Accordingly, Defendants' Motion for Summary Judgment [ECF No. 34], is hereby granted, and the Complaint filed by Taylor is dismissed without prejudice. Final Judgment shall be entered on this date.

SO ORDERED, this the 19th day of August, 2011.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE